1  MORGAN, LEWIS & BOCKIUS LLP
   Carrie A. Gonell, Bar No. 257163
2  Alexander L. Grodan, Bar No. 261374
   carrie.gonell@morganlewis.com
3  alexander.grodan@morganlewis.com
   600 Anton Blvd., Suite 1800
4  Costa Mesa, CA  92626
   Tel:   +1.714.830.0600
5  Fax:  +1.714.830.0700

6  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | SAEED HESAMI, individually and on behalf of all others similarly situated, | CASE NO.: 2:17-cv-01418 |
|----|---|---|
| 12 | | [Case No. BC639971] |
| 13 | Plaintiff, | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| 14 | vs. | |
| 15 | JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and DOES 1 through 10, inclusive, | |
| 16 | | [28 U.S.C. §§ 1332, 1441, 1446] |
| 17 | Defendants. | |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 31040680.5

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") removes the above-entitled action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million.

Removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND

1. On January 13, 2017, Plaintiff Saeed Hesami ("Plaintiff") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of Los Angeles, entitled *Saeed Hesami, individually and on behalf of all others similarly situated v. JPMorgan Chase Bank, National Association and Does 1 through 10, inclusive*, Case No. BC639971 (the "Complaint").

2. Plaintiff served a First Amended Complaint ("FAC") on Chase's registered agent for service on January 19, 2017. True and correct copies of the Summons, Complaint, and all documents served with the Complaint are attached as **Exhibit A**.

3. The FAC alleges eight causes of action: (1) failure to pay overtime wages; (2) a derivative cause of action for failure to pay overtime under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq.*; (3) failure to provide meal and rest periods; (4) a derivative cause of action under the UCL for failure to provide meal and rest periods; (5) unreimbursed business expenses; (6) failure to provide accurate written wage

statements; (7) failure to pay all earned and unpaid wages at termination; and (8) a cause of action seeking civil penalties under California's Private Attorneys General Act ("PAGA") for the underlying Labor Code violations.  FAC ¶¶ 17-53.

4. Plaintiff seeks to represent the following class:

> All persons who are or have been employed, at any time from four years prior to the filing of the Complaint through the date of the Court's granting of class certification in this matter, by [Chase] in California under the job title Business Relationship Manager or the functional equivalent however titled.

FAC ¶ 15.

5. On January 9, 2017, before Plaintiff served Chase with the FAC, the Los Angeles County Superior Court ordered an immediate stay of all proceedings, including the filing of an answer by Chase, until the initial status conference scheduled to be held on April 11, 2017.  *See* Ex. A at 40.  The court ordered Chase to file a notice of appearance in lieu of an Answer or other responsive pleading.  *Id.*  Accordingly, Chase prepared a notice of appearance to be filed on February 21, 2017.  A true and correct copy of Chase's notice of appearance to be filed with the Los Angeles County Superior Court is attached as **Exhibit B**.

6. **Exhibits A and B** constitute all the pleadings, process, and orders served upon or by Chase, or filed, in the Superior Court action.

## II. THE REMOVAL IS TIMELY

7. This Notice of Removal is timely, pursuant to 28 U.S.C. section 1446(b), because it is filed within 30 days of Plaintiff's service of the Summons and Complaint on Chase.

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

9. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

10. This action is brought by a putative representative person on behalf of a proposed class of more than 100 individuals. FAC. ¶ 15; Declaration of Sunil Oza ("Oza Decl."), ¶ 2, Ex. 1; Declaration of Alexander L. Grodan ("Grodan Decl."), ¶ 3. As such, this matter is a "purported class action" as that term is defined pursuant to CAFA.

11. The FAC could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter is brought as a class action under California Code of Civil Procedure § 382, diversity of citizenship exists between one or more members of the putative class and Chase, and, accepting only for the purposes of this removal, Plaintiff's allegations, the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interests and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446, and 1453.[1]

### A. Diversity of Citizenship Exists.

12. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). Plaintiff is a citizen of California. Chase is a corporate citizen of Ohio. Thus, minimal diversity exists and removal is proper.

---

[1] Chase does not concede and reserves the right to contest, at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action and/or representative action. Chase further does not concede the merits of any of Plaintiff's allegations or that they constitute a cause of action under applicable California law.

### i.     **Plaintiff is a Citizen of California.**

13. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Plaintiff alleges that he worked in California during the relevant period and is still domiciled in the state based on a search of publicly available information. FAC ¶ 5; Grodan Decl. ¶ 2. He is therefore a citizen of California for purposes of removal.

### ii.     **Chase is Not a Citizen of California.**

14. JPMorgan Chase Bank, N.A. is, and at all pertinent times was, a federally chartered national bank with Columbus, Ohio designated in its articles of association as the locus of its main office. *See* **Ex. C**, Articles of Association for JPMorgan Chase Bank (As Amended June 30, 2008). Pursuant to 28 U.S.C. §§ 1332 and 1348, and the United States Supreme Court's decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is "located," for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office), JPMorgan Chase Bank, N.A. is "located," for diversity purposes, in Columbus, Ohio, making it diverse from Plaintiff.

15. Although Plaintiff has listed ten fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

16. Because Plaintiff and Chase are not residents of the same state, diversity of citizenship exists. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

### B. The Proposed Class Membership is Sufficiently Large.

17. CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members. *See* Oza Decl., ¶ 2, Ex. 1; Grodan Decl., ¶ 3.

18. Plaintiff seeks to represent all "persons who are or have been employed, at any time from four years prior to the filing of the Complaint through the date of the Court's granting of class certification in this matter, by [Chase] in California under the job title Business Relationship Manager or the functional equivalent however titled." FAC ¶ 15. According to Chase's business records, there were 812 unique individuals employed in one of the following Business Relationship Manager positions ("RM positions") in California as of January 13, 2013: Business Relationship Manager I, Business Relationship Manager II, Business Relationship Manager III, Business Relationship Manager Sr.[2] *See* Oza Decl., ¶ 2, Ex. 1; Grodan Decl., ¶ 3.

### C. The Amount In Controversy Exceeds $5,000,000.

19. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (Dec. 15, 2014).

20. For diversity jurisdiction, the short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at *6. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo*

---

[2] These job positions are alternatively referred to in Chase's business records as, respectively: Relationship Manager I, Relationship Manager II, Relationship Manager III, Sr. Relationship Manager.

1   *Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).  This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn*, 536 F. Supp. 2d at 1204-05.

21.   Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of federal jurisdiction.  *See* Senate Judiciary Report, S. REP. 109-14, at 42 ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case."); *id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

22.   In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. Mar. 8, 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  When the complaint is "lacking in factual detail," a defendant seeking removal is "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortgage Servs. LLC*, 2017 WL 59069, *3 (C.D. Cal. Jan. 5, 2017), citing *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonably assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").

23. While Chase denies Plaintiff's factual allegations and denies that he or the putative class he purports to represent are entitled to any of the relief for which Plaintiff has prayed, it is clear that, when the potential value of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5 million.[3] *Rhoades v. Progressive Casualty Ins., Co.*, 410 Fed. Appx. 10, 11 (9th Cir. Nov. 23, 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

### i. Evidence Demonstrating Amount In Controversy.

24. Plaintiff seeks to represent a class of "[a]ll persons who are or have been employed [by Chase] . . . under the job title Business Relationship Manager or the functional equivalent" in California as of January 13, 2013. FAC ¶ 15. Based on Plaintiff's class definition, at least 812 individuals worked in a covered position in California from January 13, 2013 through the end of 2016. *See* Oza Decl., ¶ 2, Ex. 1; Grodan Decl., ¶ 3. According to Chase's business records, the lowest annual base salary paid to any of these individuals during this period is $41,000, which is the equivalent of $19.71 per hour for a full-time employee. *See* Oza Decl., ¶ 2, Ex. 1. For purposes of removal, Chase will conservatively assume

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Chase's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Chase maintains that each of Plaintiff's claims is without merit and that Chase is not liable to Plaintiff or any putative class member. In addition, Chase denies that liability or damages can be established on a class wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

that *all* putative class members earned the *lowest* hourly rate of pay- $19.71 – identified in Chase's business records.

### a. Plaintiff's Seventh Cause of Action Seeking Waiting Time Penalties Places At Least $1,433,311.20 in Controversy.

25. Plaintiff alleges that Chase is "liable for waiting time penalties" arising from the alleged "consistent and uniform policy, practice and procedure of willfully failing to timely pay" all earned wages to putative class members who "were discharged by [Chase] or voluntarily quit" during the three years preceding the filing of the FAC. FAC ¶¶ 15, 48-49. According to Chase's records, the employment of at least 303 putative class members terminated in California between January 13, 2014, and February 17, 2017. *See* Oza Decl., ¶¶ 2-3, Exs. 1 & 2; Grodan Decl., ¶ 4. Chase may reasonably assume "that each terminated putative class member was entitled to 30 days of continuation wages at 8 hours of standard pay per day." *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015). Applying the minimum rate of pay earned by any of the putative class members of $19.71 per hour to all putative class members, the total waiting time penalties at issue are at least **$1,433,311.20** ($19.71 per hour x 8 hours per day x 30 days x 303 former RMs = $1,433,311.20).

### b. Plaintiff's Sixth Cause of Action Seeking Penalties for Inaccurate Wage Statements Places At Least $1,116,400 in Controversy.

26. Plaintiff's sixth cause of action alleges that Chase had a "corporate policy [to] not maintain or provide accurate itemized wage statements in violation of Labor Code §§ 226 and 1174. FAC at ¶ 41. Plaintiff further alleges that Chase's alleged failure to maintain accurate wage statements for putative class members was Chase's "custom, habit, pattern and practice" and was "not the result of isolated, sporadic, or unintentional behavior." *Id.* at ¶ 42.

27. Labor Code section 226 permits an employee to recover $50 dollars for the initial pay period in which the employer "knowing[ly] and intentional[ly]"

provided the employee with an inaccurate wage statement and $100 for each pay period thereafter in which violations continued to occur. *See* Labor Code § 226(e)(1)

28. Throughout the relevant period, Chase paid employees in the RM position on a biweekly basis. Oza Decl. ¶ 3. According to Chase's records, a total of at least 22,800 weeks were worked by 472 employees in an RM position in California as of January 13, 2016. Oza Decl. ¶¶ 2, 4, Exs. 1 & 2; Grodan Decl. ¶ 4. This is the equivalent of 11,400 pay periods. Oza Decl. ¶ 3. Accordingly, Plaintiff's sixth cause of action places at least $1,116,400 in controversy (($50 penalty x 472 putative class members) + ($100 penalty x 10,928 pay periods) = $1,116,400).

      **c.**   **Plaintiff's First Cause of Action for Unpaid Overtime Places at Least $2,967,409.49 in Controversy.**

29. Plaintiff's first cause of action alleges that members of the putative class "were regularly scheduled as a matter of uniform company policy and practice to work and in fact worked . . . in excess of eight hours per workday . . . without receiving . . . overtime compensation for such overtime hours . . . ." FAC ¶ 10. Thus, Plaintiff alleges that putative members of the class consistently worked unpaid overtime on a *daily* basis. *See also* FAC ¶ 19. Courts have held that an assumption of one hour of unpaid overtime per week is "reasonable" and "in line with [assumed violation rates] accepted by other courts" where, as here, the complaint alleges that the defendant "regularly" failed to pay overtime wages to class members. *See Blevins v. Republic Refrigeration, Inc.*, 2015 WL 12516693, at *10 (C.D. Cal. Sept. 25, 2015). According to Chase's business records, the 812 putative class members worked a total of 100,369 work weeks in covered positions in California as of January 13, 2013. *See* Oza Decl., ¶¶ 2, 4, Exs. 1 & 2; Grodan Decl., ¶ 4. Accordingly, assuming one hour of unpaid overtime per week and applying the lowest hourly rate of pay to *all* work weeks, Plaintiff's first cause of

action places at least **$2,967,409.49** in controversy ($19.71 per hour x 1.5 x 100,369 workweeks = $2,967,409.49).

        **d.**     **Plaintiff's Third Causes of Action for Failure to Provide Meal and Rest Periods Places At Least Another $3,956,545.98 in Controversy.**

    30.    Plaintiff's third cause of action alleges that "Defendant failed to provide and document meal and rest period breaks for the class in the number, length and manner as required."  FAC ¶ 29.  Moreover, Plaintiff alleges that Chase had a "*policy* of not providing" meal or rest breaks to putative class members.  *Id.* at ¶ 16.b(ii) and (iii).  When a complaint "makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions."  *Oda*, 2015 WL 93335, at *5; *see also Dawson v. Hitco Carbon Composites, Inc*., 2016 WL 7235629, *4 (C.D. Cal. Dec. 14, 2016) (approving assumption that meal and/or rest break violations occurred at least 50% of the time where allegations "contain no qualifying words . . . to suggest less than uniform violation that would preclude assuming a 100% violation rate").  In *Oda*, the court found that the removing defendant's assumption "that each class member experienced 2.5 meal period violations in a 5-day work week and 2.5 rest period violations in the same time period" was reasonable based on the complaint's general allegations that class members "sometimes" did not receive meal breaks and "not all rest periods were given timely."  2015 WL 93335, at *4-5.

    31.    Unlike in *Oda*, the FAC here does not limit the missed break allegations as occuring only "sometimes."  Chase, however, will apply an even more conservative assumption than what the court approved in *Oda*, and assume for purposes of removal that each putative class member experienced one meal period violation and one rest period violation per week.  Consequently, Plaintiff's third cause of action places at least **$3,956,545.98** in controversy ($19.71 per hour x 2 violations per week x 100,369 workweeks = $3,956,545.98).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 31040680.5

10

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

### e. The Amount in Controversy Exceeds $5 Million.

32. Aggregating the foregoing figures, Plaintiff's alleged amount in controversy is nearly *double* the minimum threshold of $5,000,000. As the preponderance of the evidence demonstrates, Plaintiff's first, third, sixth, and seventh causes of action places at least **$9,473,666.67** in controversy ($1,433,311.20 + $1,116,400 + $2,967,409.49 + $3,956,545.98 = $9,473,666.67). In addition to the amounts presented above, Plaintiff's fifth cause of action for failure to reimburse business expenses for mobile telephone charges would increase the amount in controversy even further above the jurisdictional minimum of $5,000,000.

### f. The Complaint Also Seeks Recovery Of Attorneys' Fees That Courts May Consider for Determining the Amount in Controversy.

33. Plaintiff also seeks to recover attorneys' fees. FAC, Prayer for Relief ¶ 8. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. 2002). *See also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, at *5–6 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'") (citations omitted); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, at *4 (N.D. Cal. Apr. 30, 2012) (citing to *Brady* while holding that a reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy); *Richardson v. Servicemaster Global Holdings Inc.*, No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219, at *4 (N.D. Cal. Dec. 15, 2009) (citing *Brady* favorably to require a showing of attorneys' fees likely to be incurred to determine the amount in controversy).

34. Although Chase denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

35. Accordingly, the assumed attorneys' fees attributed to Plaintiff's first, third, sixth, and seventh causes of action in the FAC are valued at **$2,368,416.67** (0.25 x $9,473,666.67). Thus, the total amount in controversy when attorneys' fees are included would be $11,842,083.33, well above the minimum amount for jurisdiction under CAFA.

## IV. VENUE

36. This action was originally filed in the Superior Court for the City and County of Los Angeles. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

37. Chase will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

38. Based on the foregoing, Chase requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Chase respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

| | | |
|---|---|---|
| Dated: | February 21, 2017 | MORGAN, LEWIS & BOCKIUS LLP |

By /s/ Carrie A. Gonell
   Carrie A. Gonell
   Alexander L. Grodan
   Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 31040680.5

13

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

# PROOF OF SERVICE

*Hesami v. JPMorgan Chase Bank, N.A.*
USDC, Case No. 2:17-cv-01418

I am a resident of the State of California and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626.

On February 21, 2017, I served a copy of the within document(s):

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL TO FEDERAL COURT**

- ☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

- ☒ **BY OVERNIGHT MAIL:** by placing the document(s) listed above in a sealed envelope, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

- ☐ **BY PERSONAL SERVICE:** by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

- ☐ **BY ELECTRONIC SERVICE**: the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on February 21, 2017. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626. My e-mail address is vivian.dohi@morganlewis.com.

- ☒ **BY E-FILE**: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

PROOF OF SERVICE

*Attorneys for Plaintiff*
Edward Wynne, Esq.    Tel: 415.461.6400
WYNNE LAW FIRM    Fax: 415.461.3900
Wood Island
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA  94939

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on February 21, 2017, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____
Vivian F. Dohi

PROOF OF SERVICE